IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY CODY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 2:14-CV-00187-J |
| AMERICAN BANKERS INSURANCE | § | |
| COMPANY OF FLORIDA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's *Motion for Summary Judgment*.  In that Motion, Defendant American Bankers Insurance Company of Florida requests that the Court grant summary judgment in its favor on Plaintiff's claims for breach of contract; violations of Texas Insurance Code Chapter 542 (Chapter 542) and Texas Deceptive Trade Practices Act (DTPA); bad faith; and attorneys' fees.  Plaintiff Jerry Cody filed a response on September 18, 2015, arguing that a genuine issue of material fact exists as to all claims.  Defendant filed a reply on September 24, 2015.  Defendant's Motion is DENIED.

## BACKGROUND

This case arises over a dispute regarding Defendant's handling of Plaintiff's claim for hail damage under insurance policy No. HPL0158331 (Policy).  On June 9, 2014, Plaintiff filed a claim with Defendant under the Policy for hail and wind damage to the siding and shingle roof on Plaintiff's home.  Two inspectors, one retained by Defendant and one by Plaintiff, inspected the property and prepared two separate estimates for the Replacement Cost Value (RCV) due to hail and wind damage.  Defendant's inspector estimated the RCV to be approximately $18,000

1

less than Plaintiff's inspector.  Plaintiff filed this lawsuit on August 8, 2014 before Defendant

had the opportunity to respond to Plaintiff's submitted estimate.  Thereafter, Defendant invoked

the appraisal process under the terms of the Policy.  On July 20, 2015, the umpire and Plaintiff's

appraiser signed and entered an appraisal award for $23,667.43.  Three business days later, on

July 20, 2015, Defendant notified Plaintiff that Defendant would issue payment for the award

less Plaintiff's deductible.  Finally, on July 28, 2015, Defendant sent Plaintiff a check for

$23,467.43.  Consequently, Defendant now moves for summary judgment on the grounds that

Defendant's full and timely payment of the appraisal award precludes Plaintiff's claims as a

matter of law.

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment on a claim if the record shows that there is no

genuine issue of material fact and that "the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if a reasonable jury could return a

verdict for the nonmoving party on the issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).  Where the nonmovant bears the burden of proof at trial, the movant may either offer

evidence that undermines one or more of the essential elements of the nonmovant's claim, or

point out the absence of evidence supporting an essential element of the nonmovant's claim.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (where there is an absence of evidence

supporting an essential element of the nonmovant's claim, "there can be 'no genuine issue as to

any material fact,' since a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial").

If the movant successfully carries this burden at the summary judgment stage, the burden

then shifts to the nonmovant to show that the court should not grant summary judgment.  *Id.* at

324. The nonmovant must set forth specific facts that show a genuine issue for trial—only a genuine dispute over a material fact will preclude summary judgment. *Anderson*, 477 U.S. at 248, 256. The nonmovant cannot rely on conclusory allegations, improbable inferences, or unsupported speculation. *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). In ruling on a summary judgment motion, a court must review the facts and draw all reasonable inferences in favor of the nonmoving party—here, Plaintiff. *See Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

## DISCUSSION

Defendant requests summary judgment on Plaintiff's breach of contract, Chapter 542, DTPA, bad faith, and attorneys' fees claims. Defendant argues that the July 28, 2015 appraisal award payment was both full and timely, and therefore precludes Plaintiff's claims. In opposition, Plaintiff specifically argues that the appraisal award payment was not timely, or in the alternative, the Policy provisions at issue create an ambiguity as to timeliness. Therefore, Plaintiff argues that a fact issue exists which precludes summary judgment. Because this Court finds the contract provisions ambiguous with respect to timely payment of the appraisal award, Defendant's *Motion for Summary Judgment* is DENIED.

### A. BREACH OF CONTRACT CLAIM

Defendant correctly argues that an insured is estopped from bringing a breach of contract claim against the insurer when: (1) a binding and enforceable appraisal award exists; (2) the insurer timely pays the appraisal award; and (3) the insured accepts the payment. *See Blum's Furniture Co., v. Certain Underwriters at Lloyds London*, No. 11–20221, 2012 WL 181413, *2 (5th Cir. Jan. 24, 2012). Plaintiff does not dispute the well-established Texas law, but rather argues that Defendant failed to timely pay the appraisal award thwarting Defendant's estoppel argument. The parties agree that Defendant had five business days to pay the appraisal award.

Nevertheless, the parties disagree on when the payment deadline began to run.  This disagreement is rooted in conflicting interpretations of the Policy provisions.

"Whether a contract is ambiguous is a question of law for the court to decide . . . ." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.,* 334 F.3d 423, 431 (5th Cir. 2003).  If a court finds an ambiguity, the interpretation of the ambiguous contract becomes an issue of fact, and the court is precluded from granting summary judgment.  *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).  On the other hand, if the contract terms are clear and unambiguous in their ordinary meaning, a court must interpret the contractual agreement.  *See Gen. Am. Indem. Co. v. Pepper*, 339 S.W.2d 660, 661–62 (Tex. 1960).  Ambiguity does not exist by the mere fact that parties present conflicting views or different expectations of the agreement. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994).  Rather, a contract is ambiguous when its meaning is reasonably susceptible to more than one interpretation.  *Thrift v. Estate of Hubbard*, 44 F.3d 348, 357 (5th Cir. 1995).  Under Texas law, courts must examine the entire writing, harmonizing and effectuating all provisions to avoid rendering any provision meaningless.  *FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 63 (Tex. 2014).

Both Plaintiff and Defendant base their respective arguments on contrasting interpretations of the following Policy provisions:

**Our Duties After Loss:**

a.  Within 15 days after **we** receive **your** written notice of claim, **we** must:

        \*      \*      \*

(3) specify the information **you** must provide in accordance with the Conditions and Provisions of this policy.

> **We** may request more information, if during the investigation of the claim such additional information is necessary.
>
> b.  After **we** receive the information **we** requested, **we** must notify **you** in writing whether the claim will be paid or has been denied or whether more information is needed:
>> (1) Within 15 **business days**; or . . .

**10. Loss Payment**

*          *          *

> If **we** notify **you** that **we** will pay **your** claim, or part of **your** claim, **we** must pay within 5 **business days** after **we** notify **you**.
>
> If payment of **your** claim or part of **your** claim requires the performance of an act by **you**, **we** must pay within **5 business days** after the date **you** perform the act.

Plaintiff argues that because the appraisal process required performance by Plaintiff, the second Loss Payment provision applies. Plaintiff contends he performed the required act when the appraisal award was issued. Following this line of argument, the payment deadline began to run on July 20, 2015, and Defendant had a contractual duty to pay within five business days. Therefore, Plaintiff argues, Defendant breached the contract by tendering payment on July 28, 2015, six business days after Plaintiff performed the required act.

Defendant counters that argument and interpretation by reading the Our Duties After Loss and Loss Payment provisions together. Under Defendant's interpretation, the payment deadline began to run when Defendant gave notice that it would pay the appraisal award. Specifically, Defendant argues that it "had fifteen business days to notify Plaintiff whether the claim would be paid or denied or additional information was needed." This notification then triggered the first Loss Payment provision. In other words, because Defendant had the right to notify Plaintiff of its decision, the payment deadline did not begin to run until July 23, 2015, the date Defendant notified Plaintiff it would pay the appraisal award. Defendant submitted

payment on July 28, 2015, three business days after the deadline clock allegedly began to run. Therefore the July 28, 2015 payment was timely, and Defendant did not breach the contract.

After reviewing and examining the Policy as a whole, the Court finds an ambiguity exists with respect to when the payment deadline began to run.  Whether Defendant breached the contract by submitting the payment on July 28, 2015 is a question that requires the Court to construe provisions that are susceptible to more than one reasonable interpretation.  One person could reasonably conclude that the appraisal process required Plaintiff to act, and therefore, the deadline began to run when Plaintiff performed that act.[1]  Another could reasonably conclude that because Defendant notified Plaintiff that it would pay the appraisal award, the deadline began to run on the date of notification.  Therefore, the contract is ambiguous, and the interpretation of this provision is an issue of fact.  The Court is precluded from granting summary judgment on the breach of contract issue.

## B.  DEFENDANT'S REMAINING ARGUMENTS

The remainder of Defendant's Motion requests summary judgment for the following claims: (1) violation of Chapter 542; (2) extra-contractual claims for bad faith and violation of the DTPA; and (3) request for attorneys' fees.  Defendant contends that summary judgment is proper for three reasons.  First, the timely payment of the appraisal award precludes Chapter 542 and DTPA violations.  Second, absent a breach of contract, Plaintiff is precluded from bringing a statutory or common law bad faith claim.  Third, failure to establish other claims prevents Plaintiff's recovery for attorneys' fees.  Because the Court holds that the timely payment issue is

---

[1] The Court decides neither what constitutes performance nor when performance was complete. Instead, the Court merely holds that the Loss Payment provision could reasonably be interpreted to mean that the payment deadline began to run upon Plaintiff's performance, regardless of when that was or what specifically it entailed.

a question of fact, Defendant's remaining arguments fail as a matter of law.  It is yet to be determined whether Defendant timely paid the award, breached the contract, or violated Chapter 542 or the DTPA.

## CONCLUSION

Defendant's *Motion for Summary Judgment* is DENIED.

Defendant's *Objections to Plaintiff's Summary Judgment Proof* is DENIED as moot. Denial of this objection is not to be construed as a ruling that Robert Kitto is qualified to testify or may testify on any issues as an expert.  Denial of this Motion is not to be construed as a ruling that any proposed or anticipated trial testimony of this designated witness is, or is not, admissible.  The Court will consider the admissibility of trial testimony if and when the expert is called, the expert's testimony is offered, and such offer is timely objected to by the Defendant.

Plaintiff's *Motion for Leave to Supplement Appendix to Plaintiff's Brief in Support of His Response to Defendant's Motion for Summary Judgment and Brief in Support* is DENIED as moot.

It is SO ORDERED.

Signed this the __21st__ day of October, 2015.


S/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**